**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

JOHN MANUEL MARTINEZ,
ADC #150802                                                                              PLAINTIFF

v.                                             4:11-cv-00499-BRW-JTK

DR. STEWART, et al.                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy

Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
         Judge (if such  a  hearing is granted) was not offered at the
         hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 27).   Plaintiff filed a Response to the Motion (Doc. No. 32).   Defendants then supplemented their Motion with a copy of Plaintiff's medical records (Doc. No. 33), and Plaintiff filed a Reply (Doc. No. 36).

Plaintiff Martinez is a state inmate incarcerated at the Randall Williams Correctional Facility of the Arkansas Department of Correction (ADC).   He filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the Faulkner County Detention Center (Jail), complaining about deliberate indifference to his serious medical needs in April and May, 2011.   Specifically, Plaintiff alleges that he suffered from stomach and knee problems and that Defendants refused to change his diet and refused to allow him to wear a knee brace.   Plaintiff asks for damages from Defendants Dr. Garry Stewart and Nurse Winter.

## II.     Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

### A.     Capacity

Defendants ask the Court to dismiss Plaintiff's Complaint against them because he did not specify the capacity in which he was suing them, stating that when a plaintiff sues a public official and does not specify the capacity, the courts construe the complaint as against the defendants in their official capacities.  Johnson v. Outboard Marine Corp., 172 F.3d 531 (8th Cir. 1999).  And claims against Defendants in their official capacities are essentially claims against Faulkner County, which cannot be held liable unless Plaintiff alleges that a county policy or custom, or a pattern of widespread unconstitutional conduct caused him harm.  Parrish v. Luckie, 963 F.2d 201, 206-7 (8th

Cir. 1992).  Defendants state that because Plaintiff cannot prove an unconstitutional county policy, custom, or practice behind the alleged violation of his rights, that his Complaint against Defendants should be dismissed.

In response, Plaintiff states that he is suing "the Defendants and not Faulkner County Jail because it is up to the medical staff for these issues and not the Jail."  (Doc. No. 32, pp. 5-6.) In light of Plaintiff's Response, the Court finds that he clearly is suing the two Defendants in their individual capacities.[1]

### B.      Eighth Amendment Claims

Defendants also state that Plaintiff fails to prove that they violated his rights because he cannot prove that they knew of and disregarded an excessive risk to his health or safety, citing Farmer v. Brennan, 511 U.S. 825, 847 (1994).  They also state that to the extent that Plaintiff alleges they delayed medical treatment, he is required to present verifying medical evidence to establish the detrimental effect of the delay in treatment.  Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). Finally, they state that mere disagreement over the type of medical treatment received is insufficient to support an Eighth Amendment claim for relief.  Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990).  In the alternative, Defendants ask the Court to find that they are entitled to qualified immunity, since the law is not clear that Defendants could be held liable for treating Plaintiff's

---

[1]Some courts in cases filed by pro se plaintiffs have liberally construed their pleadings as asserting individual capacity claims against the defendants.  Andrews v. Ferguson, 2010 WL 3853070 *7 (W.D.Ark.).  See also Prichard v. Phillips, 2006 WL 401785 *3-4 (W.D.Ark.), where the court stated, "the court has an obligation to liberally construe a pro se complaint" and "despite the teachings of the Eighth Circuit cases that require a plaintiff to specifically plead an individual capacity claim, we construe Prichard's complaint to be asserting both individual and official capacity claims."

stomach complaints with medication rather than a change in diet, or for treating Plaintiff's complaints of knee pain by providing an alternative brace and pain relievers, or that a nurse can be held liable for violation of his rights when the physician made the treatment decisions.

Defendants also provide the affidavit of Dr. Stewart, who states that Plaintiff was previously diagnosed with right knee pain as early as February, 2009, but that it was not brought to his attention until Plaintiff complained about knee pain in May, 2010.  (Doc. No. 29-1, p. 1.)  Dr. Stewart was able to obtain Plaintiff's past medical records which indicated he had been seen for right knee pain and joint instability, but that no MRIs or other imaging tests were conducted which would have shown ligament damage.  Id at p. 2.  Plaintiff was released from the Jail in July, 2010, reinjured his knee while playing basketball, and was taken to surgery for an interoperative evaluation at University of Arkansas for Medical Sciences (UAMS) in August, 2010.  Id.  According to the medical records, Plaintiff was found not to be a candidate for repair of a right anterior cruciate ligament tear due to complications created by his Hepatis C condition.  Id.  See also Doc. No. 35-2, p. 25.  He was released from physical therapy on September 2010.  Id.; Doc. No. 35-2, pp. 26-28.  Plaintiff returned to the Jail in November, 2010, complained about knee pain, but was not permitted to wear the knee brace provided by the UAMS physical therapy team because it contained removable metal components which could be used as weapons.  Id. at p. 3.  Dr. Stewart provided him with an alternative knee brace which was "medically appropriate to control any instability in his knee....."  Id.

Plaintiff also began complaining about stomach pains and spicy food served at the Jail.  Id.  Dr. Stewart treated him with Zantac and Tagamet, but "saw no medical evidence of need for a change in the diet."  Id.  Dr. Stewart checked Plaintiff's prealbumin levels, which were normal,

prescribed medications and monitored his body weight, and later also checked his blood hemoglobin and hematocrit concentrations, which refuted Plaintiff's claims of spitting up blood. Id. at p. 4; Doc. No. 35-5, pp. 21, 35.   Finally, Dr. Stewart states he never denied Plaintiff medical care and treated him in response to his complaints per the community standard of care.   Id.

In response, Plaintiff takes issue with a few of Defendant's statements, such as when Plaintiff first came to the Jail and whether Plaintiff misled Dr. Stewart about the location of his past medical records.   He also claims Dr. Stewarts' statement that no MRIs were conducted on Plaintiff in 2009 is false, and provides a medical report in support. (Doc. No. 36, pp. 3-5.)   He states that the knee brace provided to him by UAMS was a two-piece brace attached in the middle with hinges and Allen screws, and that no parts were removable without an Allen wrench. (Doc. No. 32, p. 3.)   He also states he was unable to wear the brace provided by the Jail because he was allergic to its material. Id. at p. 4.   He states he asked for his diet to be changed on several occasions, and that he lost 37 pounds and only gained back 11 pounds while in the Jail.   Id. at p. 5.   Finally, he states that if Defendants would have done their jobs and ordered the appropriate tests, they would have found that he suffered from a gastrointestinal disease, which is the reason why he needed a change in diet.

The Court is unclear whether Plaintiff should be considered a pretrial detainee, or a convicted inmate at the time of his incarceration.   While the due process standard of the Fourteenth Amendment applies to determine the constitutionality of pretrial detainees' conditions of confinement, the standards applied to such claims are the same as those applied to Eighth Amendment claims.   See Bell v. Wolfish, 441 U.S. 520, 535 (1979), and Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).   In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical

need. <u>Farmer v. Brennan</u>, 511 U.S. at 834.   However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976).   Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," <u>Estate of Rosenberg v. Crandell</u>, 56 F.3d 35, 37 (8th Cir. 1995). <u>See</u> <u>also</u> <u>Smith v. Marcantonio</u>, 910 F.2d at 502, (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).   Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." <u>Long v. Nix</u>, 86 F.3d  761, 765 (8th Cir. 1996).   In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. <u>Beyerbach v. Sears</u>, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds).   Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." <u>Dulany</u>, <u>supra</u>, 132 F.3d at 1240.

Having reviewed Plaintiff's Complaint, Defendants' Motion and Plaintiff's Response, and Plaintiff's medical records, the Court finds no dispute of fact concerning the medical care and treatment provided to the Plaintiff by Defendants, and that Defendants are entitled to judgment as a matter of law on Plaintiff's claims against them.   The medical records show that Defendants consistently treated Plaintiff for the knee and stomach conditions, and provided him with numerous

medications and numerous tests.  <u>See</u> Doc. Nos. 35-3, pp. 15-36; 35-4; 35-5.  Defendants prescribed

numerous medications to Plaintiff during the time at issue in his complaint, including Ibuprofen

(Doc. Nos. 35-3 p. 20, 21, 23; 35-5, pp. 11, 27); Fluoxetine (Doc. No. 35-3, pp. 21, 22, 25-26; 35-4,

pp. 33, 42, 53; 35-5, pp. 11, 24, 25, 27); Hydrocortisone cream (Doc. No. 35-3, pp. 20, 34);

Cimetidine (Doc. No. 35-3, pp. 30, 34; 35-5, pp. 11, 13); Ranitidine (Doc. No. 35-3, p. 34; 35-5, pp.

11, 24, 25); Flagyl (Doc. No. 35-4, p. 53); Pepto-Bismol (Doc. No. 35-4, p. 53); and Diotame (Doc.

No. 35-5, p. 25)   Plaintiff presents no evidence to show either of the Defendants acted with

deliberate indifference to his medical needs or that he suffered any harm from their treatment.  In

addition, he presents no evidence to show that a delay in treatment by Defendants exacerbated his

medical conditions. As noted above, Plaintiff's complaints appear to be with the **type** of medical

care and treatment he received, which is not sufficient to state a claim under § 1983.  <u>See</u> <u>Smith v.</u>

<u>Marcantonio</u>, 910 F.2d at 502.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment

(Doc. No.  27) be GRANTED and Plaintiff's Complaint against Defendants be DISMISSED with

prejudice.

IT IS SO RECOMMENDED this 31st day of May, 2012.

_____

JEROME T. KEARNEY

UNITED STATES MAGISTRATE JUDGE